Justice Thomas,
concurring in part and dissenting in part.
I write separately to note that I continue to believe that disparate-impact claims are not cognizable under the Age Discrimination in Employment Act of 1967, 29 U. S. C. § 621 et seq. See Smith v. City of Jackson, 544 U. S. 228, 247-268 (2005) (O’Connor, J., joined by Kennedy and Thomas, JJ., concurring in judgment). Moreover, I disagree with the Court’s statement that the “reasonable factors other than age” (RFQA) exception, § 623(f)(1), is principally relevant in disparate-impact cases. Compare City of Jackson, supra, at 251-253 (opinion concurring in judgment), with ante, at 95-96 (citing City of Jackson, supra, at 239 (plurality opinion)). I therefore join only Parts I and II-A of the Court’s opinion because I agree that the RFOA exception is an affirmative defense — when it arises in disparate-treatment cases. Here, although the Court of Appeals erred in placing the burden of proof on petitioners, I would nonetheless affirm because the only claims at issue are disparate-impact claims.